UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL CARROLL, | ) |
| Plaintiff, | ) Case No. C08-975-RSL-BAT |
| v. | ) |
| MARY J. LEE, et.al., | ) REPORT AND |
| | ) RECOMMENDATION |
| Defendants. | ) |

## INTRODUCTION

Michael Carroll ("plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, § 1985, and § 1986 against Washington State Department of Corrections ("DOC") employees and his appointed counsel, Kara Dansky. Dkts. 1, 4. Defendants Mary J. Lee, Brooks Raymond, Dean Mason, Laura Dyer, and Sharon A. Dahlstrom (together, "DOC defendants") have filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's claims against them are barred by the statute of limitations. Dkt. 16 at 4. In response, plaintiff argues that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that they did not accrue until the trial court "invalidated" his sentence, within the limitations period. Dkt. 18 at 5. Because several of plaintiff's claims accrued within the limitations period, the Court recommends this motion be GRANTED in part and DENIED in part. However, the Court further recommends that the remainder of plaintiff's claims against the DOC

REPORT AND RECOMMENDATION – 1

defendants be DISMISSED for failure to state a claim.[1]

Defendant Dansky has filed a motion for summary judgment under Rule 56, arguing that plaintiff's claims against her should be dismissed because there is no evidence she was acting under color of state law or that she was part of a conspiracy, and because the statute of limitations bars the claims against her. Dkt. 23 at 4. Plaintiff did not file an opposition to Dansky's motion. The Court recommends Dansky's motion for summary judgment be GRANTED.

**BACKGROUND**

Plaintiff alleges that, while he was on supervision[2] for Washington State convictions, DOC employees caused him to be punished twice for the same violation and to be incarcerated longer than he should have been. Specifically, plaintiff alleges that DOC employees miscalculated the "Statutory Maximum Sentence Expiration Date" of one of his sentences. Dkt. 4 at 4, 11. He told them beginning in February 2005 that they had made a mistake in calculating the sentence expiration date for his "A" cause.[3] *Id.* at 4. However, they ignored plaintiff's complaints and, in March 2005, began conspiring to have him serve more time. *Id.* at 4-5, 13.

Plaintiff alleges that DOC employees improperly brought up an old supervision violation

---

[1] The DOC defendants have also filed a motion for summary judgment in order to preserve additional arguments for dismissal on any claims that remain after the Court considers this motion. *See* dkt. 32 at 2, n.2. Because the Court recommends dismissal of all of plaintiff's claims in this Report and Recommendation, the Court recommends that this motion be DENIED as moot.

[2] Plaintiff states he was serving two concurrent terms of "community custody; i.e., post-release supervision." Dkt. 1 at 4. The record does make clear whether plaintiff was serving a term of community custody or community supervision. In Washington, community custody means "that portion of an offender's sentence of confinement in lieu of earned release time . . . served in the community subject to controls placed on the offender's movement and activities by [DOC]." RCW 9.94A.030(5). Community supervision means "a period of time during which a convicted offender is subject to crime-related prohibitions and other sentence conditions imposed by a court . . . ." RCW 9.94A.030(10).

[3] Plaintiff refers to his convictions as his "A" cause and "B" cause. Dkt. 4 at 4.

REPORT AND RECOMMENDATION – 2

at a violation hearing held in his "A" cause on April 12, 2005.[4] *Id.* at 5, 8. He also alleges that Dansky conspired with state officials at the April 2005 hearing to have him punished a second time for the old violation. *Id.* at 14, 14A. He states that Dansky, who was appointed to represent him for that hearing, was ineffective, unprepared and negligent. *Id*. at 7. She made no effort to challenge the DOC employees' attempt to punish plaintiff for an old violation. *Id.*

Plaintiff states that he wrote to DOC officials about these incidents on June 15, 2005. *Id.* at 8. However, the officials either forwarded on his grievances without action or denied them without investigation. Dkt. 4 at 8-9. Plaintiff received the denial of his grievances on July 15, 2005. *Id.* at 10.

Plaintiff was again incarcerated for a supervision violation on July 12, 2005. *Id.* at 10. He alleges that, at a hearing on the "A" cause violation on August 30, 2005, DOC employees improperly sought to extend plaintiff's incarceration beyond his sentence expiration date. *Id.* at 10. When plaintiff's counsel objected, the trial court ordered the DOC employees and the prosecuting attorney to calculate plaintiff's sentence and expiration date. *Id.* The following day, they reported that plaintiff's sentence had expired on August 10, 2005, three weeks earlier. *Id.* at 11. Plaintiff states that the trial court then "released the plaintiff, and terminated the plaintiff's 'A' cause supervision." *Id.*

**DOC DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS**

The DOC defendants contend that all of plaintiff's claims against them arise from the complaints he made in February 2005 about the miscalculation of his sentence expiration date and from the conspiracy allegedly formed in March 2005. Dkt. 16 at 4. Because plaintiff filed his

---

[4] Plaintiff states that the sentencing court addressed violations of his "A" cause supervision, while a DOC hearings officer dealt with violations of his "B" cause supervision. Dkt. 4 at 4. He served the punishments for violations concurrently. *Id.*

REPORT AND RECOMMENDATION – 3

complaint in June 2008,[5] these dates fall outside the three year statute of limitations applicable to § 1983 actions filed in this district. Accordingly, the DOC defendants argue, they are entitled to judgment on the pleadings. *Id.* at 4.

In response, plaintiff argues his complaint is timely because his claims did not accrue until August 31, 2005. Dkt. 18 at 4-6. He asserts that, during the time he was incarcerated, his claims were subject to the *Heck v. Humphrey*[6] bar, and so could not accrue until his sentence was invalidated. *Id.* at 4-6. He contends that his "sentence was invalidated on August 31, 2005, in King County Superior Court, when his sentencing judge ruled that, the plaintiff's sentence had already expired and that the court had no further jurisdiction over the plaintiff; implying that the plaintiff was, and had been wrongfully incarcerated." *Id.* at 5. Because he could not bring his claims prior to that date, he argues, the statute of limitations began running on August 31, 2008, and he filed his complaint within the limitations period. *Id.* at 5-6.

A complaint may be dismissed under Rule 12(b)(6) when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003). A district court must accept all factual allegations in the complaint as true and must liberally construe those allegations in a light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, conclusory allegations are not similarly treated. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

---

[5] The DOC defendants erroneously assert that plaintiff filed his complaint in July 2008. Dkt. 16 at 4. Plaintiff signed his complaint and delivered it to prison officials for mailing on June 17, 2008. The Court received it on June 24, 2008, and it was filed on July 18, 2008, when the Court granted plaintiff *in forma pauperis* status. Dkts. 3, 4. However, under the mailbox rule applicable to *pro se* prisoner litigants, his complaint is deemed to have been filed on June 17, 2008. *See Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002).

[6] 512 U.S. 477 (1994).

REPORT AND RECOMMENDATION – 4

The parties agree that in Washington State, the statute of limitations for § 1983 and § 1985 claims is three years. *See Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981) (three-year statute of limitations for § 1983 claims in Washington); *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (statute of limitations for § 1985 claims is the same as for § 1983 claims). Claims under § 1986 must be filed within one year after the cause of action accrues. *See* 28 U.S.C. § 1986. They disagree, however, about when plaintiff's claims accrued for purposes of the statute of limitations.

The DOC defendants assert that, if plaintiff knew that DOC employees had miscalculated his term of supervision for his "A" cause in February 2005, the calculation was subject to challenge at that time, and, accordingly, the claim had accrued for limitations purposes. Dkt. 16 at 4. Likewise, they contend that his cause of action for acts that occurred in March 2005 accrued at that time. *Id.* They further assert that all of the acts plaintiff alleged either occurred more than three years prior to the date he filed his complaint or "directly stem from the acts that occurred before that date." *Id.* Accordingly, they argue, the statute of limitations bars all his claims.

Although state law governs the applicable limitation period for civil rights claims, federal law determines when a cause of action accrues and the statute of limitations begins to run. *Elliot v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). A federal claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Id.* at 802. A civil conspiracy accrues for limitations purposes in accordance with the last overt act doctrine. *Gibson v. U.S.*, 781 F.2d 1334, 1340 (9th Cir. 1986). Under this doctrine, injury and damage flow from overt acts, not from the mere continuance of a conspiracy. *Id.* Accordingly, the cause of action runs separately from each overt act that is alleged to cause damage to the plaintiff, and the plaintiff may recover only for the overt acts that he alleges to have occurred within the three-year

REPORT AND RECOMMENDATION – 5

limitation period. *Id.*

Plaintiff's first claim alleges that he told DOC employees in February 2005 that they had miscalculated his release date but they took no actions to investigate his claims. Dkt. 4 at 12-13. His second claim alleges that DOC employees began conspiring in March 2005 to have him serve more time. *Id.* at 13. To the extent that these claims state a cause of action, the events occurred more than three years before plaintiff filed his complaint and are thus barred by the statute of limitations and should be dismissed.

Plaintiff's fourth claim alleges that, on June 15, 2005, he mailed grievances to several DOC offices, and that DOC employees in those offices took no action other than to forward the grievances to the grievance program manager. *Id.* at 14-15. His fifth claim alleges that the grievance program manager dismissed his grievances without investigation. *Id.* at 15-16. Construing the complaint in plaintiff's favor, it appears likely that the DOC employees received the grievance letters on or after June 17, 2005, and that the grievance program manager denied the grievance within the limitations period. The § 1983 and § 1985 statute of limitations does not bar these claims.

Plaintiff's sixth claim alleges that at the August 30, 2005 hearing, DOC employees conspired to have him incarcerated beyond the expiration of his sentence and were "partially successful." *Id.* at 16. His seventh claim generally alleges that the defendants caused him to be denied his constitutional rights and unlawfully deprived of his liberty. *Id.* at 16-17. Even if plaintiff began complaining about the miscalculation of his release date in February 2005, any harm from the miscalculation was only speculative until he was actually held beyond his release date. Plaintiff alleges that his correct release date was August 10, 2005. This date is when the alleged harm occurred and, accordingly, when his claim accrued. Plaintiff's § 1983 and § 1985

REPORT AND RECOMMENDATION – 6

claims related to being held beyond his release date are not time-barred.

Finally, plaintiff's eighth claim alleges that, on August 7, 2006, he was arrested and incarcerated for violating the conditions of his "B" cause supervision. *Id.* at 17. He states that this term of supervision had not expired "because, and only because, of the actions, lack of actions, and malicious acts of the defendants." *Id.* Plaintiff has not alleged any facts relating to his "B" cause supervision or any defendants' alleged role in preventing it from expiring. However, this cause of action accrued within the § 1983 and § 1985 limitations period and is not time-barred.[7]

All of plaintiff's claims accrued more than one year before he filed his complaint. Accordingly, to the extent he has stated claims under § 1986, that statute's one-year statute of limitations bars these claims and they should be dismissed.

### DISMISSAL FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

Under the Prison Litigation Reform Act, the Court may, on its own motion, dismiss a prisoner's action if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1). Although plaintiff's fourth through eighth claims are not time-barred, they fail to state claims on which relief can be granted.

Plaintiff's fourth claim alleges that Laura Dyer, DOC records manager, and John/Jane Doe I, an employee at the DOC Office of the Secretary, forwarded his grievance letters to the grievance program manager without investigating his claims, and that this violated his rights to due process and equal protection and caused him to suffer cruel and unusual punishment. Dkt. 4 at 14-15. To

---

[7] Plaintiff's contention that his claims accrued when the trial court "invalidated" his sentence is unfounded. Plaintiff states that the trial court ruled on August 31, 2005 that "plaintiff's sentence had already expired and that the court had no further jurisdiction over the plaintiff." Dkt. 18 at 5. A finding that plaintiff's sentence had ended does not equate to a finding that his sentence was invalid. As discussed above, plaintiff's unlawful imprisonment claims accrued when his sentence allegedly expired and he was not released.

REPORT AND RECOMMENDATION – 7

state a claim under § 1983, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. I.B.M.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff's complaint does not allege facts that explain how, by forwarding plaintiff's grievances to the person designated to handle them, these DOC employees participated in causing the harm he alleges.

Plaintiff's fifth claim alleges that Dean Mason, the DOC grievance program manager, dismissed plaintiff's complaints "out of hand" and that this violated plaintiff's rights to due process and equal protection. *Id.* at 15-16. Plaintiff alleges that Mason's actions were in violation of the DOC Offender Grievance Program, Policy, and Procedure Manual. *Id.* Plaintiff has no separate due process right to a specific grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988)). He cannot establish a due process violation for failure to follow DOC grievance procedure. In addition, to state an equal protection violation claim, plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based on his membership in a protected class. *See Serrano v. Francis*, 345 F.3d 1071 (9th Cir. 2003). Plaintiff does not allege that Mason denied the grievance because of plaintiff's race or membership in another protected class.

Plaintiff's sixth claim alleges that, at the August 30, 2005 hearing, DOC Community Custody Officer Mary Lee and her supervisor Brooks Raymond conspired to keep him incarcerated beyond the term of his supervision and were "partially successful," and that this violated his rights to due process and equal protection and caused him to suffer cruel and unusual punishment. Dkt. 4 at 16. Plaintiff's claim is based on his assertion that the term of supervision for his "A" cause expired on August 10, 2005, and that he was incarcerated three weeks after this date. However, plaintiff admits that he was arrested on July 12, 2005, for violating the terms of

his supervision and was incarcerated pending disposition of the violation. *Id.* at 10. Under Washington State law, the trial court retains jurisdiction over a defendant until it affirmatively discharges him.[8] *See State v. Zabroski*, 56 Wash. App. 263, 267, 783 P.2d 127 (1989) (citing *State v. Neal*, 54 Wash. App. 760, 762, 775 P.2d 996 (1989)). Accordingly, the trial court had the authority to impose a sanction on plaintiff for his July violation, even if plaintiff's term of supervision had expired. The fact that the trial court released plaintiff instead does not undermine the validity of plaintiff's confinement pending disposition of the violation. Because plaintiff's incarceration was valid, his cannot state a claim that it violated his constitutional rights.

His seventh claim generally alleges that the defendants caused him to be denied his constitutional rights and unlawfully deprived of his liberty. *Id.* at 16-17. However, as discussed with respect to each specific claim, plaintiff has not alleged facts that show how the defendants personally participated in violating his constitutional rights or shown that he was unlawfully deprived of his rights. Accordingly, this claim also fails.

Finally, defendant's eighth claim alleges that the defendants caused him to be unlawfully incarcerated for violating his "B" cause supervision. However, he has alleged no facts related to his "B" cause supervision and has therefore failed to state a claim on which relief can be granted.

Further, although the Court liberally construes pleadings, allegations of conspiracy are subject to a heightened pleading requirement, and the complaint must contain more than conclusory allegations. *See Price*, 939 F.2d 707-09. In order to sustain a cause of action based on a conspiracy, plaintiff must show "an agreement or meeting of the minds" to violate his rights. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en

---

[8] A trial court may discharge a conviction only when the defendant has completed all requirements of the sentence. RCW 9.94A.637(1). Plaintiff makes no allegation that he had completed all the requirements of his sentence or that the trial court had affirmatively discharged him by the time of the August 30, 2005 hearing.

banc) (internal quotation omitted). To be liable, "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers*, 865 F.2d at 1541. Plaintiff has offered no more than conclusory allegations that the defendants were involved in a conspiracy to deprive him of his constitutional rights. Plaintiff's allegations fail to state a § 1985 claim on which relief can be granted.

If plaintiff believes that the deficiencies in his fourth through eights claims as outlined in this section can be cured by amendment to his complaint, he should lodge an amended complaint as part of his objections, if any, to this Report and Recommendation.

## DANSKY'S MOTION FOR SUMMARY JUDGMENT

Dansky argues that plaintiff's claims against her fail both substantively and procedurally. Dkt. 23 at 4. She asserts that she was merely fulfilling the traditional functions of an attorney when she represented him at the April 2005 violation hearing and did not act under color of state law. *Id.* at 6. She also argues that plaintiff's conclusory allegations that she participated in a conspiracy are insufficient to support his claims against her under § 1985 and § 1986. *Id.* at 8. Finally, she argues that the statute of limitations bars all of plaintiff's claims against her. *Id.* at 9.

Summary judgment is proper where the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* Even if no opposition is filed, the Court may grant the motion only if it

establishes that there is no genuine issue of material fact in dispute and that the movant is entitled to judgment as a matter of law. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993).

Even if plaintiff has asserted substantively valid claims against Dansky, his claims against her are time-barred. Plaintiff's fourth claim alleges that at the April 12, 2005 hearing, Dansky, through her "intentional and wanton misconduct," conspired with DOC employees to deprive plaintiff of his constitutional rights. Dkt. 4 at 14, 14A. This occurred more than three years before he filed his complaint. Dansky withdrew as plaintiff's counsel on May 6, 2005. Dkt. 24 (Dansky Decl.) at 2. Plaintiff alleges no acts by Dansky within the limitations period. Accordingly, the three-year statute of limitations for § 1983 and § 1985 claims and the one-year statute of limitations for § 1986 claims bar all of his claims against her.

## CONCLUSION

For foregoing reasons, the Court recommends that the DOC defendants' motion for judgment on the pleadings (Dkt. 16) be GRANTED in part and DENIED in part, that defendant Dansky's motion for summary judgment (Dkt. 23) be GRANTED, and that plaintiff's remaining claims and the complaint (Dkt. 4) be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 11th day of December, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge