# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICHAEL CARROLL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARY J. LEE, et al.,<br><br>　　　　Defendants. | Case No. 08-cv-0975-RSL<br><br>ORDER ON MOTIONS |

This matter comes before the Court on the Honorable Robert S. Lasnik's Order Vacating Report and Recommendation and Referring Plaintiff's Motions. Dkt. No. 53. In his Order, Chief Judge Lasnik referred three of Plaintiff's motions to this Court for *de novo* consideration, pursuant to 28 U.S.C. § 636(b)(1), Local Rule MJR 3, and Fed. R. Civ. P. 72(a). *Id.* Specifically, Judge Lasnik referred Plaintiff's Motion for Enlargement of Time for Discovery/Modification of Scheduling Order, Dkt. No. 19; Motion for Appointment of Counsel, Dkt. No. 28; and request for three subpoena forms, Dkt. No. 29. *Id.* After *de novo* consideration of all the applicable pleadings, the governing law, and the balance of the record, the Court ORDERS as follows:

1. Motion for Enlargement of Time for Discovery

   a. Background

A brief background of this action is first necessary because of the unusual posture of this motion. This lawsuit commenced on July 18, 2008. Dkt. No. 4. On August 18, 2008, five of the six defendants ("the DOC defendants") answered the complaint. Dkt. No. 11. On September 5, 2008, the Honorable Brian A. Tsuchida issued a Scheduling Order directing the parties to complete discovery by November 4, 2008. Dkt. No. 15. On September 10, 2008, the DOC defendants filed a motion for judgment on the pleadings. Dkt. No. 16.

On October 6, 2008, Plaintiff filed the instant Motion for Enlargement of Time for Discovery. Dkt. No. 19. His motion seeks a 90-day extension to complete discovery pursuant to Fed. R. Civ. P. 6(b) for the following reasons: "after the first request for production of documents and interrogatories, there is going to be more requests for production, and interrogatories"; "as the holiday season approaches, Thanksgiving and Christmas, it is expected that the law library will be closed even more than usual"; he expects objections to his discovery demands and "anticipates that there will be a need to file motions to compel disclosure"; Defendant Kara Dansky has not yet filed an answer or response to the complaint; and Plaintiff is expecting to obtain a "missing document" through the grievance process at his prison and the grievance process has not yet concluded. Dkt. No. 19 at 1-2.

On November 6, 2008, after the close of discovery, the sixth and final defendant, Kara Dansky, who was Plaintiff's public defender at a single probation hearing, filed a motion for summary judgment. Dkt. No. 23. On December 4, 2008, the DOC defendants also filed a motion for summary judgment. Dkt. No. 32. The DOC defendants' motion for judgment on the pleadings, Dkt. No. 16, and motion for summary judgment, Dkt. No. 32, and Defendant Dansky's motion for summary judgment, Dkt. No. 23, are now pending before Judge Lasnik. *See* Dkt. No. 53.

b. <u>Discussion</u>

Pursuant to Fed. R. Civ. P. 6(b), the Court may extend the time by which discovery shall be completed only for good cause shown. Here, Plaintiff has not shown good cause to support his motion to extend time to complete discovery, which was filed one month prior to the close of discovery. The proffers are largely possible future scenarios. Moreover, Plaintiff has failed to provide any reason why he could not complete all discovery, including filing any motions to compel, within the time allotted by the Scheduling Order. *See* Dkt. No. 15.

Defendant Dansky did not file an answer or response to the complaint. She filed a motion for summary judgment in lieu of an answer on November 6, 2008. Dkt. No. 23. Defendant Dansky's motion for summary judgment is based on a 12(b)(6) motion to dismiss but was presented as a motion for summary judgment because certain matters outside the pleadings were submitted in support of the motion; specifically, two declarations (from Defendant Dansky and her legal counsel) and attached exhibits concerning Defendant Dansky's representation of Plaintiff as his public defender at a single probation hearing and Plaintiff's broader legal proceedings in King County Superior Court. *See* Dkt. Nos. 23-26. Accordingly, any answer from Defendant Dansky would not be due until after Judge Lasnik rules on her pending motion. *See* Fed. R. Civ. P. 12(a)(4)(A). Should Defendant Dansky be required to file an answer, Plaintiff may ask this Court to reopen discovery at that time.

In view of the foregoing, Plaintiff's Motion for Enlargement of Time for Discovery/ Modification of Scheduling Order, Dkt. No. 19, is DENIED.

2. <u>Motion for Appointment of Counsel</u>

Plaintiff's Motion for Appointment of Counsel, Dkt. No. 28, is DENIED. There is no right to have counsel appointed in cases brought under § 1983. The Court may appoint counsel only on a showing of "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims

*pro se* in light of the complexity of the legal issues involved." *Id.* These factors must be viewed together before reaching a decision on a request for counsel. *Id.*

Here, the Court finds that Plaintiff has failed to demonstrate that exceptional circumstances warrant the appointment of counsel at this time. Plaintiff has provided no evidence that his case is likely to succeed on the merits. Furthermore, although Plaintiff has alleged that conducting discovery in this case has been difficult for him given his incarceration, Dkt. No. 28 at 5, "the need for such discovery does not necessarily qualify the issues involved as complex." *Wilborn*, 789 F.2d at 1331. In sum, Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*. Indeed, Plaintiff has demonstrated over the course of this lawsuit that he is capable of articulating his claims. Accordingly, the Court concludes that appointment of counsel is not appropriate at this time.

3. <u>Request for Three Subpoena Forms</u>

Plaintiff's request for three subpoena forms, Dkt. No. 29, is DENIED. Plaintiff is seeking "three 'subpoena in a civil case' forms . . .and instructions on serving them by mail." Dkt. No. 29. However, Plaintiff has not demonstrated why he needs three subpoena forms; indeed, he made his request on or about November 20, 2008, see Dkt. No. 29, which was nearly two weeks after the close of discovery in this matter, see Dkt. No. 15.

The Clerk of the Court is directed to send to a copy of this Order to Plaintiff, counsel for all Defendants, the Honorable Robert S. Lasnik, and the Honorable Brian A. Tsuchida.

DATED this 23rd day of April, 2009.

*James P. Donohue*

_____
JAMES P. DONOHUE
United States Magistrate Judge