UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL CARROLL,

    Plaintiff,

v.

MARY J. LEE *et al.*,

    Defendants.

No. C08-975RSL

ORDER GRANTING IN PART
DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS

## I. INTRODUCTION

This matter comes before the Court on "Defendants' Motion for Judgment on the Pleadings," (Dkt. #16). *Pro se* plaintiff Michael Carroll has brought this post-conviction, post-release action alleging violations of 42 U.S.C. § 1983, § 1985, and § 1986 by Washington State Department of Corrections ("DOC") employees and his appointed counsel, Kara Dansky. The DOC defendants contend that plaintiff failed to file a timely action as dictated by the relevant statutes of limitations. On December 11, 2008, United States Magistrate Judge Brian A. Tsuchida issued a Report and Recommendation ("R&R") (Dkt. #37) recommending dismissal of

some of the claims on that basis.[1] The Court vacated that R&R due to a potential conflict of interest, Dkt. #53, and now reviews the DOC defendants' motion *de novo*. For the reasons set forth below, the Court grants in part and denies in part the DOC defendants' motion for judgment on the pleadings.

## II. DISCUSSION

**A. Background**

Plaintiff alleges that, as of January 2005, he "was serving two concurrent sentences of community custody, ie., post-release super vision [sic]," Compl. at 3-4, and that in early 2005 the DOC employees miscalculated the "Statutory Maximum Sentence Expiration Date" of one of those sentences, causing him to serve more time than he should have. Id. at 4-5. Plaintiff knew of the mistake at the time and repeatedly complained to the DOC. Id. From April to August 2005, the defendants allegedly ignored his administrative complaints, conspired to extend his sentence improperly, and denied him his constitutional rights. Id. at 4-5, 8-12, 16-17. Then on August 31, 2005, a state trial court released him, determining that the sentencing calculations were incorrect and that the "statutory maximum sentence" had in fact expired on August 10, 2005. Id. at 10-11.[2] Plaintiff signed his complaint and delivered it to prison officials for mailing on June 17, 2008, initiating this lawsuit. Dkt. #4 at 19.[3]

---

[1] Magistrate Judge Tsuchida also recommended the dismissal of the remaining claims for failure to state a claim upon which relief could be granted, see Fed. R. Civ. P. 12(b)(6), and summary judgment of all claims against defendant Dansky. The Court will address these other issues at a later time.

[2] Plaintiff believes that his lawful sentence expired on June 21, 2005, rather than on August 10, 2005, Dkt. #45 at 3, although this allegation does not appear in his complaint.

[3] The DOC defendants erroneously assert that plaintiff filed his complaint in July 2008. Dkt. #16 at 4. Plaintiff signed his complaint and delivered it to prison officials for mailing on June 17, 2008. Dkt. #4 at 19. The Court received it on June 24, 2008, and it was filed on July 18, 2008, when the Court

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS - 2

1 | The parties agree that the statute of limitations for § 1983 and § 1985 claims in Washington is three years after accrual. Dkt. #16 at 3; Dkt. #18 at 3; see RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002) (citing Joshua v. Newell, 871 F.2d 884, 886 (9th Cir. 1989)). However, the parties disagree over when plaintiff's claims accrued. The DOC defendants contend that the claims accrued when the defendants allegedly committed the acts in question, Dkt. #16 at 4, whereas plaintiff contends that accrual occurred on August 31, 2005, when the trial court recalculated his sentencing calculation and released him, Dkt. #18 at 1-2.

**B. Analysis**

When federal rights accrue under § 1983 and § 1985 is matter of federal law. DirectTV, Inc. v. Webb, 545 F.3d 837, 852 (9th Cir. 2008) (citing Wallace v Kato, 549 U.S. 384, 388 (2007)). Generally, a federal claim accrues when a plaintiff "'knows or has reason to know of the injury that is the basis of his action.'" DirectTV, 545 F.3d at 852 (quoting Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1136 (9th Cir. 2006)). In particular, claims of civil conspiracy accrue in accordance with the "last overt act doctrine," under which the statute of limitations runs separately from each overt act that is alleged to have caused harm to the plaintiff. Gibson v United States, 781 F.2d 1334, 1340 (9th Cir. 1986).

In some contexts, however, § 1983 and § 1985 claims accrue at later times. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, or invalidated by an

---

granted plaintiff *in forma pauperis* status. Dkts. #3-4. However, under the mailbox rule applicable to *pro se* prisoner litigants, his complaint is deemed to have been filed on June 17, 2008. See Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS - 3

authorized government entity. Id. at 486-87. Because of this requirement, the Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

In Erlin v. United States, 364 F.3d 1127 (9th Cir. 2004), the Ninth Circuit extended Heck to apply to a Federal Tort Claims Act (FTCA) action for the negligent miscalculation of a release date. In doing so, the Erlin court was guided not so much by the precise statutory mechanism at play, but by Heck's reasoning. See id. at 1131-32. Allowing a prisoner to bring a claim for miscalculation of his release date *before* he was entitled to release "would necessarily imply that he was wrongfully imprisoned," id. at 1127, violating the "'hoary'" principle that "'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments,'" id. at 1131 (quoting Heck, 512 at 486). Thus, a prisoner's FTCA action for the negligent miscalculation of a release date is not valid, and therefore does not accrue, "until the prisoner has established . . . that he is entitled to release from custody." Erlin, 364 F.3d at 1134.

The situation here is not perfectly in line with either Heck or Erlin, since plaintiff is not directly challenging the validity of his sentence, as was the plaintiff in Heck, and his claim is not under the FTCA, as was the plaintiff's in Erlin. Nevertheless, each of these is a "distinction without a difference." Id. at 1131. The principle established by Heck, and followed by Erlin, compels the Court to hold that plaintiff's § 1983 and § 1985 claims, stemming from the allegedly negligent miscalculation of his release date, could not have accrued until August 31, 2005, when the state court determined that plaintiff's sentence had expired three weeks earlier. Because plaintiff initiated this lawsuit less than three years after that date, his § 1983 and § 1985 claims survive the DOC defendants' Fed. R. Civ. P. 12(c) motion.

The statute of limitations for claims brought under § 1986, however, is one year after

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS - 4

accrual. See 28 U.S.C. § 1986. Plaintiff does not contend that any of the events at issue occurred after 2005. The Court therefore holds that his § 1986 claims are time-barred.

### III. CONCLUSION

For all of the foregoing reasons, the DOC defendants' motion for judgment on the pleadings (Dkt. #16) is GRANTED IN PART and DENIED IN PART. Plaintiff's § 1986 claims against the DOC defendants are DISMISSED WITH PREJUDICE. The DOC defendants' motion to dismiss plaintiff's § 1983 and § 1985 claims is DENIED.

DATED this 10th day of June, 2009.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge