UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL CARROLL,

  Plaintiff,

 v.

MARY J. LEE *et al.*,

  Defendants.

No. C08-975RSL

ORDER GRANTING DEFENDANT DANSKY'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on "Defendant Kara Dansky's Motion for Summary Judgment," Dkt. #23. Plaintiff contends that defendant Dansky conspired with state officials to punish him twice for the same community custody violation. Compl., Dkt. #4 ¶ 39. Defendant seeks dismissal of plaintiff's claims because she is not a state actor for purposes of 42 U.S.C. § 1983 and because plaintiff's claims against her are barred by the applicable statute of limitations. For the reasons set forth below, the Court grants defendant's motion for summary judgment.

## II. DISCUSSION

**A. Background**

On January 26, 1994, plaintiff pled guilty to Second Degree Rape in state court, Dkt. #25,

1 Ex. A, and he was later sentenced to seven years in prison followed by two years in community
2 custody, Dkt. #25, Ex. B. Plaintiff was released from prison in October 2000.

On April 12, 2005, Defendant Dansky represented plaintiff at a violation hearing.[1] At the time of the hearing, defendant was employed as a public defender by Society of Counsel Representing Accused Persons. Plaintiff was charged with several violations and was found guilty of violations for ingesting cocaine and for failure to obtain a substance abuse evaluation in accordance with a December 13, 2000 stipulated agreement. Dkt. #24, Ex. C. Plaintiff contends that the December 13, 2000 stipulated agreement had been replaced by an amended agreement on January 29, 2001, and that the new agreement did not require him to obtain a substance abuse evaluation. Dkt. #58 at 2.[2] Plaintiff believes that defendant "concealed and allowed the [state] officials to conceal this information at the [April 12, 2005] hearing." Id. at 9. He further claims she conducted no investigation into the facts or legal aspects of his violations. Compl. ¶ 27.

Defendant filed a notice of withdrawal on May 5, 2005. Dkt. #24, Ex. D.

**B. Analysis**

Rule 56 provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] This was one of several hearings conducted between 2001 and 2003 regarding plaintiff's violations of the terms of his community placement.

[2] Plaintiff's response brief was filed on May 28, 2009, well past the due date. Although the Court found that the December 12, 2008 Report and Recommendation ("R&R") and subsequent vacatur of the R&R justified a delayed response to state defendants' motion for summary judgment, Dkt. #60, it noted that there was no similar justification for plaintiff's failure to file a timely response to defendant Dansky's motion, id. at 2 n.1. Giving this *pro se* plaintiff every benefit of the doubt, however, see Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988), the Court has considered his opposition to defendant's motion in rendering its determination.

ORDER GRANTING DEFENDANT
DANSKY'S MOTION FOR
SUMMARY JUDGMENT - 2

56(c).  The moving party bears the burden "to show initially the absence of a genuine issue concerning any material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970)), and all evidence must be viewed in the light most favorable to the nonmoving party, Hawkins v. United States, 30 F.3d 1077, 1079 (9th Cir. 1994).  Once the moving party makes the required showing, the burden shifts to the nonmoving party to come forward with sufficient evidence to demonstrate that there is a triable issue of fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).

Plaintiff brings this action against defendant Dansky under 42 U.S.C. §§ 1983, 1985, and 1986.  Plaintiff's case hinges on the existence of a conspiracy between defendant Dansky and the state officials to punish plaintiff twice for the same community custody violation.  Although defendant was not a state actor for purposes of § 1983 at the time of the April 12, 2005 hearing, see Polk County v. Dodson, 454 U.S. 312, 325 (1981), a public defender may be held to have acted under color of state law if plaintiff can present evidence of a conspiracy between the public defender and a state actor, Tower v. Glover, 467 U.S. 914, 923 (1984).  A conspiracy is also a fundamental requirement of plaintiff's §§ 1985 and 1986 claims; section 1985 prohibits a "conspiracy to interfere with civil rights," and § 1986 requires plaintiff to prove a valid § 1985 claim before it provides a cause of action, Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985) (citing Mollnow v. Carlton, 716 F.2d 627, 632 (9th Cir. 1983)).[3]

Plaintiff has presented no evidence to support his claims of a conspiracy between defendant Dansky and defendants Mary Lee and Brooks Raymond on April 12, 2005.  At the heart of plaintiff's allegations is his belief that defendant "was unprepared, negligent, and

---

[3] As the Court noted in a prior order, Dkt. #59 at 4-5, plaintiff does not contend that any of the events at issue occurred after 2005, and therefore his § 1986 claims are barred by the one-year statute of limitations, see 42 U.S.C. § 1986.

ORDER GRANTING DEFENDANT
DANSKY'S MOTION FOR
SUMMARY JUDGMENT - 3

ineffective in representing [him] at his violation hearing." Compl. ¶ 68.  Plaintiff asserts multiple times that defendant "deliberately chose to conceal [information contained in the revised stipulated agreement] and make possible for the state/DOC officials to conceal this information as well," Dkt. #58 at 10; see also id. at 12 ("Kara Dansky acted in concert with, and willingly participated with state/DOC officials in a conspiracy to conceal and misrepresent material facts[.]"), but he cites no evidence to support his allegations.  Although the Court must view the evidence in the light most favorable to the nonmoving party, plaintiff cannot defeat summary judgment by resting on mere allegations.  Anderson, 477 U.S. at 248.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323.

Moreover, plaintiff provides no logical basis for how defendant's alleged ineffective assistance translates into a conspiracy to deprive plaintiff of his civil rights.  Plaintiff asserts that defendant's actions as counsel were so "out of the ordinary and unexplainable" that they were "'unlikely to have been undertaken without an agreement'" between her and the state defendants.  Dkt. #58 at 18 (quoting Kunik v. Racine County, 946 F.2d 1574, 1580 (7th Cir. 1991)).  But even assuming for the sake of argument that defendant exhibited gross incompetence, nothing plaintiff describes about her actions or behavior suggests that she had a mutual understanding with state defendants to specifically harm plaintiff.  It does not reasonably follow from plaintiff's outrage at his lawyer's assistance that defendant was engaged in a conspiracy against him.[4]

---

[4] "Although the allegations may support an ineffective assistance of counsel claim, they do not support a claim of conspiracy with the [state defendants] to deny due process or equal protection as [plaintiff] claims.  In short, the conspiracy element of this complaint is only a conclusory allegation."  Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).

ORDER GRANTING DEFENDANT
DANSKY'S MOTION FOR
SUMMARY JUDGMENT - 4

1         Additionally, even if defendant were involved in the alleged conspiracy, plaintiff's claims would be barred by the three-year statute of limitations governing §§ 1983 and 1985 claims. Plaintiff's complaint indicates that defendant's participation in the alleged conspiracy began and ended on April 12, 2005. Defendant Dansky filed a notice of withdrawal on May 5, 2005. Dkt. #24, Ex. D. Plaintiff himself cites case law stating that "agreement to participate in a conspiracy occurs not only at the point of entry into the conspiracy but also on an ongoing basis until withdrawal or cessation of the conspiracy." Dkt. #58 at 6 (quoting United States v. Inafuku, 938 F.2d 972, 974 (9th Cir. 1991)); cf. United States v. Clawson, 104 F.3d 250, 252 (9th Cir. 1996) (quoting United States v. Read, 658 F.2d 1225, 1233 (7th Cir. 1981) ("A defendant's withdrawal from the conspiracy starts the running of the statute of limitations as to him.")). To the extent other defendants acted in furtherance of the alleged conspiracy after May 5, 2005, defendant Dansky "cannot be held liable for the acts of the other conspirators after [s]he withdrew because [her] withdrawal effectively ended [her] membership in the conspiracy." Morton's Market, Inc. v. Gustafson's Dairy, Inc., 198 F.3d 823, 837 (11th Cir. 1999). Plaintiff's claim was filed in June 2008, see Dkt. #4, more than three years after defendant Dansky's withdrawal from the alleged conspiracy, and it is therefore time-barred.

        For all of the foregoing reasons, the Court GRANTS defendant Dansky's motion for summary judgment (Dkt. #23).

        Dated this 31st day of August, 2009.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT
DANSKY'S MOTION FOR
SUMMARY JUDGMENT - 5